**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Adam Daderian and Maria Daderian, individually, and as parents and natural guardians of infant A.D., <br><br> Plaintiffs, <br><br> -v- <br><br> Port Jefferson School District, <br><br> Defendant. | 2:23-cv-2976 (NJC) (ARL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiffs Adam Daderian and Maria Daderian commenced this action on April 20, 2023, on behalf of their then-fourteen-year-old daughter A.D., who has Autism Spectrum Disorder, and on their own behalf, for derivative claims stemming from A.D.'s claims (Compl., ECF No. 1). During the course of litigation, A.D. reached the age of eighteen, but Adam and Maria Daderian continue to serve as A.D.'s guardians on account of her Autism Spectrum Disorder. (ECF No. 70.) On January 23, 2026, Plaintiffs moved the Court for authorization to enter into a settlement by an incompetent compromise that would resolve all claims in this action. For the reasons set forth below, I grant Plaintiffs' Motion without a hearing.

## LEGAL STANDARDS

"An action by or on behalf of an infant or incompetent shall not be settled or compromised . . . without leave of the court embodied in an order, judgment or decree." E.D.N.Y. Local Civ. R. 83.2(a)(1). Courts "shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee . . . after due inquiry[.]" Local Civ. R. 83.2(a)(2).

"Courts apply the same standard to review settlements on behalf of incompetents and settlements of minors' claims." *Hennessy by & through Hennessy v. Homecoming Williamsburg, Inc.*, No. 21-cv-6352, 2023 WL 2324594, at *2 (E.D.N.Y. Mar. 2, 2023), *report and recommendation adopted*, 2023 WL 2563111 (E.D.N.Y. Mar. 17, 2023).

## I.      Settlement by Incompetent Compromise

District Courts have broad discretion to approve or disapprove the compromise of an incompetent's claims. *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010) (infant compromise); *Neilson v. Colgate-Palmolive Co.,* 199 F.3d 642, 654 (2d Cir. 1999) (incompetent compromise).  "In exercising its discretion, the district court's focus is to determin[e] whether a proposed settlement is fair, reasonable, and adequate, by comparing the terms of the compromise with the likely rewards of litigation." *Neilson*, 199 F.3d at 654 (internal quotations omitted); *see also Desmoulins v. City of New York*, 394 F. App'x 785, 1 (2d Cir. 2010). The Court must "form an educated estimate of the complexity, expense, and likely duration of such litigation . . . and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Newman v. Stein,* 464 F.2d 689, 692 (2d Cir.1972); *see also*, *Hennessy*, 2023 WL 2324594 at *2.

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." *Hennessy*, 2023 WL 2324594, at *3. Courts in this District also grant "a certain amount of deference to the guardian's opinion that the settlement is fair." *Dixon v. United States*, No. 20-cv-4660, 2025 WL 3657157, at *6 (E.D.N.Y. Oct. 3, 2025), *report and recommendation adopted*, 2025 WL 3654529 (E.D.N.Y. Dec. 17, 2025).

2

The Court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules, but the court, for cause shown, may dispense with any New York State requirement." E.D.N.Y. Local Civ. R. 83.2(a)(1). New York Civil Practice Laws and Rules §§ 1205–1208, requires, among other things, an affidavit from the incompetent's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5); *Neilson*, 199 F.3d at 655; *Hennessy*, 2023 WL 2324594, at *3. In reviewing an incompetent compromise, "the court may conduct a hearing" or it may "dispense with such a hearing . . . if the parties' submissions contain sufficient information to determine the motion." *Senior by Senior v. Eihab Hum. Servs., Inc.*, No. 15-cv-1009, 2017 WL 11507320, at *1 (E.D.N.Y. June 16, 2017); *D.H.S. by Serrano v. United States*, No. 18-cv-983, 2020 WL 13552067, at *3 (E.D.N.Y. May 15, 2020) (same for infant compromise).

## II.    Attorney's Fees

Under New York law, the standard for determining the appropriate amount of attorney's fees to be awarded in the context of an infant compromise proceeding is "suitable compensation for the attorney for [their] services . . . [on] behalf of the said infant." N.Y. Judiciary Law § 474. There is no authority demonstrating that a different standard applies to an incompetent compromise petition. "[T]he fee must be fixed by the court and any agreement of the guardian [with the attorney] is advisory only." *McInnis v. City of New York*, No. 24-cv-03449, 2025 WL 1565382, at *5 (S.D.N.Y. June 3, 2025). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* Ordinarily, courts require that an application for attorney's fees be accompanied by billing records. *Id.* However, where it is clear from the amount of work involved in the case that the requested attorney's fee is reasonable, courts at

3

times dispense with the requirement that counsel submit supporting billing records. *See, e.g.*, *D.H.S. by Serrano v. United States*, No. 18-cv-983, 2020 WL 13552067, at \*4 (E.D.N.Y. May 15, 2020) (reasoning that requested attorney's fees were reasonable because counsel had conducted investigation of the case, retained experts, conducted discovery, deposed witnesses, and appeared at settlement conferences before bringing the case "to a satisfactory completion").

## DISCUSSION

The Court has thoroughly reviewed the proposed settlement agreement and the sworn affidavits in support of the Motion for Incompetent's Compromise. Based on the Court's review of these documents, the Court concludes that the proposed settlement is fair, reasonable, and in the best interests of A.D.

The parties have agreed to a settlement of $60,000 divided as follows: (1) $19,975 placed in an ABLE account for A.D., which amounts to approximately 33.33% of the settlement; (2) $10,000 each for Adam and Maria Daderian to settle their derivative claims, which amounts to approximately 16.66% each; and (3) $20,000 to Plaintiffs' counsel, which amounts to approximately 33.33% and is consistent with counsel's retainer. (ECF No. 69-1 ¶¶ 11–12; ECF No. 69-2.) This settlement is fair and reasonable, and a hearing is unnecessary to evaluate it, because the settlement was the product of arm's length negotiation at a settlement conference held on November 6, 2025, Plaintiffs are represented by experienced counsel, and discovery has completed in this action. *See Hennessy*, 2023 WL 2324594, at \*3; *Senior by Senior*, 2017 WL 11507320, at \*1. Moreover, at the Court's August 21, 2025 conference concerning Plaintiffs' anticipated motion to exclude Defendant's proposed expert witness and the parties' anticipated cross-motions for summary judgment, I identified weaknesses and strengths in all three of the motions at issue and identified the challenges to resolving the parties' disputes through trial as a

result of the Court's determination, based on the parties' stipulation, that A.D. is precluded from offering sworn testimony in light of her lack of competence. (Elec. Order, Apr. 29, 2024; Min. Entry, Aug. 22, 2025.) Accordingly, the settlement reflects a monetary recovery that is well within the range of likely rewards from continued litigation. *Hennessy*, 2023 WL 2324594 at \*2.

The requested attorney's fees are also appropriate given the amount of work expended by counsel for Plaintiffs in this action. Discovery has closed, and in that process, Plaintiffs' counsel conducted or defended at least five depositions and engaged in paper discovery. (Elec. Order, Jan. 15, 2025; ECF No. 48.) Plaintiffs' counsel also prepared submissions in support of the parties' requests for a conference in anticipation of filing cross-motions for summary judgment and an anticipated *Daubert* motion. (ECF Nos. 32, 34, 56.), These submissions included either a letter brief in support or a response to each anticipated motion, a response to Defendant's Rule 56.1 Statement, and a Rule 56.1 Counter-Statement of Plaintiffs' own. (*Id.*) Counsel also argued for Plaintiffs at the resulting August 21, 2025 pre-motion conference. Furthermore, Plaintiffs' counsel advised Plaintiffs during the settlement negotiation process and represented Plaintiffs in the November 6, 2025 settlement conference. Normally, this Court would require Plaintiffs' counsel to provide billing records to ensure that the fee award for counsel comports with N.Y. Judiciary Law § 474. However, in light of the significant litigation activity in which Plaintiffs' counsel has participated thus far, this Court is well aware of the work carried out by Plaintiffs' counsel to advance the litigation and achievement of the settlement agreement. Accordingly, $20,000 in attorney's fees is reasonable. *See H.S. by Serrano*, 2020 WL 13552067, at \*4.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for an Incompetent's Compromise Order (ECF No. 69) is granted. The Court will so order the proposed Incompetent's Compromise

5

Order located at ECF No. 69-8 in a separate filing. Accordingly, Plaintiffs' Motion for Extension of Time to File a stipulation of dismissal (ECF No. 70) is granted. The parties shall file a stipulation of dismissal by March 2, 2026.

Dated: Central Islip, New York
            February 23, 2026

                                        /s/ Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge